16-971-cv
Alvarado v. Nordstrom, Inc., et al.

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND  THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").  A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York on the 29th day of March, two thousand seventeen.

Present:     ROBERT A. KATZMANN,
                          *Chief Judge*,
                   ROSEMARY S. POOLER,
                   GERARD E. LYNCH,
                          *Circuit Judges*.

_____

EDUARDO ALVARADO,

                   *Plaintiff-Appellant*,

                   v.                                                          16-971-cv

NORDSTROM, INCORPORATED, JEFFREY, INC.,

                   *Defendants-Appellees*.[1]

_____

Appearing for Appellant:     Anne C. Vladeck (Rebecca J. Osborne, *on the brief*), Vladeck, Raskin & Clark, P.C., New York, NY.

Appearing for Appellees:     James W. Weller, Nixon Peabody LLP, Jericho, NY.

Appeal from the United States District Court for the Southern District of New York (Buchwald, *J.*).

_____

[1] The Clerk of Court is respectfully directed to amend the caption as above.

**ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of said District Court be and it hereby is **AFFIRMED** in part, **VACATED** in part, and **REMANDED**.

Plaintiff-Appellant Eduardo Alvarado appeals from the March 7, 2016 judgment of the United States District Court for the Southern District of New York (Buchwald, *J.*) granting summary judgment in favor of Defendants-Appellees Nordstrom, Incorporated ("Nordstrom") and Jeffrey, Inc. ("Jeffrey") (collectively "Defendants") on Alvarado's racial discrimination claim under Section 1981 of the Civil Rights Act of 1866 ("Section 1981") and Alvarado's racial and sexual orientation discrimination claims under the New York State Human Rights Law ("NYSHRL") and New York City Human Rights Law ("NYCHRL"). *Alvarado v. Jeffrey, Inc.*, 149 F. Supp. 3d 486, 489 (S.D.N.Y. 2016). We assume the parties' familiarity with the underlying facts, procedural history, and specification of issues for review.

"We review a district court's grant of summary judgment *de novo*." *Marvel Characters, Inc. v. Kirby*, 726 F.3d 119, 135 (2d Cir. 2013) (internal quotation marks omitted).

As both parties to this lawsuit agree, Section 1981 and NYSHRL hostile work environment claims are governed by the same substantive standard. *See Tolbert v. Smith*, 790 F.3d 427, 439 (2d Cir. 2015) ("Hostile work environment claims under Title VII and the NYSHRL are governed by the same standard."); *Turley v. ISG Lackawanna, Inc.*, 774 F.3d 140, 151 n.6 (2d Cir. 2014) (stating the substantive standards under Title VII and Section 1981 are similar, while noting that only Section 1981 "permits a plaintiff . . . to sue persons other than employers"). "To establish a prima facie case of hostile work environment, the plaintiff must show that the discriminatory harassment was sufficiently severe or pervasive to alter the conditions of the victim's employment and create an abusive working environment, and that a specific basis exists for imputing the objectionable conduct to the employer." *Tolbert*, 790 F.3d at 439 (internal quotation marks omitted). "As a general rule, incidents must be more than episodic; they must be sufficiently continuous and concerted in order to be deemed pervasive. Isolated acts, unless very serious, do not meet the threshold of severity or pervasiveness." *Id.* (internal quotation marks omitted). Nonetheless, "prior derogatory comments by a co-worker may permit an inference that further abusive treatment by the same person was motivated by the same []bias manifested in the earlier comments." *Raniola v. Bratton*, 243 F.3d 610, 622 (2d Cir. 2001). Even a single incident of verbal harassment may be sufficient to indicate that further harassment by that co-worker was based on the protected characteristic and thus contributed to a hostile work environment. *Id.* (citing *Howley v. Town of Stratford*, 217 F.3d 141, 156 (2d Cir. 2000)).

As the district court correctly observed, Alvarado's hostile work environment claims are based on three comments made by three co-workers over the course of approximately one year. *Alvarado*, 149 F. Supp. 3d at 494.

Alvarado first argues that a racially-charged comment by Keisha Daniel, a straight, African-American colleague, along with her continued verbal and allegedly physical harassment of him makes his situation akin to the one in *Howley*. In *Howley*, this Court held that one

incident of verbal harassment was sufficient, considering the totality of the circumstances, to have "intolerably altered [the plaintiff's] work environment" since the comment at issue was obscene, was made "at length, loudly, and in a large group" of the victim's co-workers and subordinates, and explicitly stated the victim had advanced in her career "only by performing fellatio" on her male colleagues. *Howley*, 217 F.3d at 154. Here, Daniel's comment does not rise to that standard. The comment, while inappropriate and racially-charged, was not alleged to have been made loudly in front of all of Alvarado's co-workers, is not obscene, and does not impugn Alvarado's ability to do his job. Further, Alvarado did not originally mention the comment to John Seery, the store manager, when Alvarado complained about Daniel's behavior that day, and Alvarado later stated to Seery that he had not been offended by the comment (which likely explains why he did not originally report it). In addition, there is substantial evidence in the record that Daniel's harassing behavior was not only directed at Alvarado but also at other co-workers, including African-American co-workers, which suggests that Daniel's behavior was not racially-motivated but was simply the result of her being a combative individual.

Alvarado next argues that the three comments together, along with all the other circumstances supported by the evidence, rise to the level of "severe and pervasive" behavior sufficient to state a claim for a hostile work environment. We do not agree. Daniel's harassing behavior cannot be imputed to Lamar Lawrence and Kenya Dalrymple, two straight, African-American colleagues, neither of whom are alleged to have engaged in further altercations with Alvarado beyond the single instance raised. *See Raniola*, 243 F.3d at 622 ("[P]rior derogatory comments by a co-worker may permit an inference that further abusive treatment *by the same person* was motivated by the same []bias manifested in the earlier comments." (emphasis added)). Alvarado seeks to have this Court hold that the environment at Jeffrey was hostile based on one race-based comment by Daniel, Daniel's inappropriate behavior which she directed at numerous other colleagues including colleagues who were African-American and straight, one allegedly sexual-orientation-based comment by Lawrence, and one allegedly sexual-orientation-based comment by Dalrymple toward another colleague over the course of approximately one year. This we cannot do. Alvarado has not provided us with a sufficient basis to infer that the treatment he suffered was severe and pervasive on the basis of his race and sexual orientation. Accordingly, we affirm the district court's decision with respect to Alvarado's Section 1981 and NYSHRL racial discrimination claims.

Section 1981 and NYSHRL retaliation claims are analyzed under the same three-step burden shifting framework derived from *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802-05 (1973) as are Title VII claims. *See Hicks v. Baines*, 593 F.3d 159, 164 (2d Cir. 2010) (explaining that retaliation claims under Title VII, Section 1981, and NYSHRL are all "analyzed pursuant to Title VII principles"). Under this framework, "'but-for' causation does not require proof that retaliation was the only cause of the employer's action, but only that the adverse action would not have occurred in the absence of the retaliatory motive." *Zann Kwan v. Andalex Grp. LLC*, 737 F.3d 834, 846 (2d Cir. 2013).

We agree with the district court that the only potentially actionable adverse employment action Alvarado suffered in retaliation for his filing of an Internal Review form was his 2012 written warning for the incidents between him and Daniel and between him and Josh Gonzales, a Hispanic store manager at Jeffrey. *Alvarado*, 149 F. Supp. 3d at 498; *see generally Millea v.*

*Metro-North R.R. Co.*, 658 F.3d 154, 164-65 (2d Cir. 2011) (suggesting that a written reprimand can constitute a materially adverse employment action under certain circumstances). Alvarado's strongest argument for finding that the 2012 written reprimand was pretext for retaliation is that the written reprimand was the product of disparate treatment between himself and Daniel, his alleged comparator who did not receive a written reprimand. This claim boils down to a question of whether Alvarado and Daniel are sufficiently similar in their history of altercations and insubordinate behavior that Alvarado's treatment can be attributed to his filing of an Internal Review form (in which he and Daniel differ) rather than attributed to his behavior (in which he and Daniel, Alvarado contends, do not differ).

The record lacks sufficient support for Alvarado's argument under the but-for causation standard of Section 1981 and NYSHRL. Alvarado points to numerous instances of small acts of insubordination by Daniel, but he does not point to any evidence that would suggest any of these instances involved shouting or aggression towards a manager on the salesfloor comparable to Alvarado's incident with Gonzales. The most similar instance, which is Daniel's interaction with Cara Smyth, Jeffrey's customer service manager, involved Daniel muttering something under her breath about Smyth while on the salesfloor and then denying that she had said anything. While there is little doubt that Daniel engaged in insubordinate conduct numerous times in the past, Gonzales described Alvarado as being "aggressive, assertive, dismissive[,] and insubordinate" towards Gonzales during their altercation on the Jeffrey salesfloor, and alleged that Alvarado put his thumb in Gonzales's face. App'x at 552. We conclude that Alvarado cannot rely on allegations of disparate treatment to support his retaliation claim because he has failed to show that he and Daniel are sufficient comparators when it comes to their actions of insubordination under the causation standard applicable to Section 1981 and NYSHRL claims. Accordingly, we affirm the decision of the district court with respect to Alvarado's Section 1981 and NYSHRL retaliation claims.

When an individual has failed to establish any claim under Section 1981 and NYSHRL, his claim of constructive discharge based on those claims must also fail. *Fincher v. Depository Tr. & Clearing Corp.*, 604 F.3d 712, 725 (2d Cir. 2010). Accordingly, we affirm the decision of the district court with respect to Alvarado's constructive discharge claim.

In order to succeed on a NYCHRL hostile work environment claim, a plaintiff must show that he was treated "less well than other employees" on the basis of a protected characteristic. *Mihalik v. Credit Agricole Cheuvreux N. Am., Inc.*, 715 F.3d 102, 110 (2d Cir. 2013). Under the NYCHRL, an "employer may prevail on summary judgment if it shows that a reasonable jury could conclude only that the conduct amounted to no more than a petty slight. Thus, courts may still dismiss truly insubstantial cases[] where the defense is clear as a matter of law." *Id.* at 111 (internal quotation marks and citation omitted).

While there is no doubt that the standard for proving a NYCHRL hostile work environment claim is lower than the standard for proving Section 1981 and NYSHRL hostile work environment claims, the district court did not err in finding that Defendants had met the burden of proving their affirmative defense of triviality as a matter of law. Daniel's one race-based comment against Alvarado is still not enough to render all of her aggressive behavior (to which some of her straight, African-American colleagues were also subjected) race-based, and

4

Lawrence's and Dalrymple's comments remain merely petty even if they are hurtful. Accordingly, we affirm the decision of the district court with respect to Alvarado's NYCHRL hostile work environment claim.

In order to succeed on a NYCHRL retaliation claim, a plaintiff "must show that []he took an action opposing h[is] employer's discrimination and that, as a result, the employer engaged in conduct that was reasonably likely to deter a person from engaging in such action." *Mihalik*, 715 F.3d at 112 (internal citation omitted). "[N]o challenged conduct may be deemed nonretaliatory unless a jury could not reasonably conclude from the evidence that such conduct was reasonably likely to deter a person from engaging in protected activity." *Id.* (internal quotation marks and ellipses omitted). "This assessment should be made with a keen sense of workplace realities, of the fact that the chilling effect of particular conduct is context-dependent, and of the fact that a jury is generally best suited to evaluate the impact of retaliatory conduct." *Id.* (internal quotation marks and brackets omitted). Under this standard, "summary judgment is [only] appropriate if the record establishes as a matter of law that . . . retaliation played *no* role in the defendant's actions." *Ya-Chen Chen v. City Univ. of N.Y.*, 805 F.3d 59, 76 (2d Cir. 2015) (internal quotation marks and original brackets omitted; emphasis added).

Given that all the NYCHRL requires to survive summary judgment is a showing that retaliation plays *some* role in the adverse employment action, we hold that the question of whether Daniel was a sufficiently close comparator to Alvarado such that their disparate treatment would show Alvarado's 2012 written reprimand was pretextual is more appropriately one for a fact finder. In reviewing the realities of the Jeffrey's workplace as shown by the evidence presented at summary judgment, written reprimands seem to have been infrequently given even for bad behavior in public. For instance, there is no evidence in the record that any employees received a written reprimand following the altercation between Alvarado, Daniel, and José Bravo, a Hispanic colleague, that Smyth had to break up and which led to Daniel's insubordination towards Smyth on the salesfloor. Even though written reprimands were rarely given, and Daniel had engaged in numerous instances of minor insubordinations and other combative behavior vis-à-vis her co-workers for which she had received few written reprimands, Alvarado immediately received a written reprimand for his single act of insubordination towards Gonzales. Viewing the facts pled in the light most favorable to Alvarado and under the NYCHRL standard that summary judgment is *only* appropriate when retaliation plays *no* role in an adverse employment action as a matter of law, we hold that there exists a question of fact for a jury to determine as to whether retaliation played *some* role in Alvarado's written reprimand. Accordingly, we vacate the decision of the district court with respect to Alvarado's NYCHRL retaliation claim, and we remand for further proceedings consistent with the order.

Lastly, "[w]e review a district court's imposition of [or choice not to impose] spoliation sanctions under an abuse of discretion standard." *Allstate Ins. Co. v. Hamilton Beach/Proctor Silex, Inc.*, 473 F.3d 450, 456 (2d Cir. 2007). "In so doing, we accept the district court's factual findings . . . unless they are clearly erroneous." *Id.* The district court determined that there was no evidence that a video of the January 18, 2012 incident ever existed and thus no evidence that the video had been destroyed. *Alvarado*, 149 F. Supp. 3d at 493. We hold that this factual finding was not clearly erroneous. Accordingly, we hold that the district court did not abuse its discretion in determining that Alvarado was not entitled to an adverse inference against Defendants.

5

We have considered the remainder of Alvarado's arguments and find them to be without merit. Accordingly, the order of the district court hereby is AFFIRMED in part, VACATED in part, and REMANDED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk